**Exhibit 4**


# MARSHALL LAW GROUP
Employment Law for Business

37 Walnut Street
Wellesley, Massachusetts 02481
www.marshallawgroup.com

781-235-4855
FAX: 781-235-9083
mlm@marshallawgroup.com


February 23, 2006

Colm Allen, President
Construction Recruiters
242 East Berkley Street, 5th Floor
Boston, MA 02118

Re: Lawrence R. Wisniewski

Dear Colm:

You asked me to assess your legal rights and remedies in light of the fact that a former contractor and employee of Construction Recruiters, Larry Wisniewski, has violated his contract with Construction Recruiters and is seeking payment for that breach. I have summarized the facts, the legal issues and my recommendations below.

I understand that Construction Recruiters has recruited candidates for a company owned by John Brooks, Advance Building Concepts, for several years and that Mr. Brooks had signed a fee agreement with Construction Recruiters. Mr. Wisniewski worked with Mr. Brooks during his association with Construction Recruiters and solicited candidates on his behalf.

Mr. Wisniewski resigned from Construction Recruiters in January 2006. Prior to Mr. Wisniewski's resignation, the Company had been working with a candidate, Jay Edwards, in an effort to find him an appropriate position. At that time, Construction Recruiters was also engaged in recruiting a candidate for Advance Building Concepts.

Shortly after his resignation, Mr. Wisniewski introduced Mr. Edwards to Mr. Brooks, who extended an offer of employment. Mr. Wisniewski is now demanding that Mr. Brooks pay him a fee for the placement. You asked me what legal action, if any, Construction Recruiters should take against any or all parties.

During his tenure with Construction Recruiters, Mr. Wisniewski signed an Agreement with the Company. That Agreement contains the following restriction on Mr. Wisniewski's post-employment activities.

> To protect the Company's goodwill, the Contractor [Mr. Wisniewski] agrees that s/he will not, during the term of this Agreement and for a period of one year after the termination of this Agreement for any reason, directly or indirectly, solicit or attempt to persuade any Client or

Candidate with whom s/he had any contact during his/her employment with the Company to sever the Client's or Candidate's relationship with the Company or enter into any contractual or business arrangement with the Contractor that is competitive with the services provided by the Company.

For your convenience, I have attached a copy of that Agreement.

Under the facts you described, it is clear that Mr. Wisniewski has violated his contract with Construction Recruiters. As damages for that breach, a Court should award Construction Recruiters the fee due for any placements Mr. Wisniewski made with Company Clients, including his placement of Mr. Edwards, plus other potential damages.

I understand that Mr. Brooks is aware of Mr. Wisniewski's contract with Construction Recruiters and, therefore, knows that Mr. Wisniewski recruited Mr. Edwards in violation of that Agreement. In light of that knowledge, it is possible that Mr. Brooks may be guilty of tortuous conduct if he pays Mr. Wisniewski for a placement that Mr. Brooks knows is prohibited.

I am aware that you do not wish to place Mr. Brooks in an awkward position or subject him to legal liability. Unfortunately, however, Mr. Wisniewski, not you, has created this unfortunate circumstance by his unlawful conduct.

I recommend that you file suit against Mr. Wisniewski, asking the court to enjoin Mr. Wisniewski from committing any further violations of the Agreement. In that action, you should also request a court order concerning the proper disposition of the fee from Mr. Brooks and from any other clients with whom Mr. Wisniewski improperly placed candidates.

Pending the resolution of that case, you should encourage Mr. Brooks to pay the fee into an escrow account, to be released after a court of competent jurisdiction has determined whether the fee should be paid to Mr. Wisniewski or to Construction Recruiters. Such action should enable Mr. Brooks to avoid liability for Intentional Interference with an Advantageous Contractual Relationship, as well as other potential claims.

If you have any questions or would like me to initiate legal action, please do not hesitate to call me.

Sincerely,

Mary Marshall

Mary L. Marshall

MLM/cah